United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

THE BILL A. FUCHS FAMILY TRUST
AND BILL A. FUCHS AS THE TRUSTEE
    Plaintiffs,

v.

HSBC BANK et. al.,

    Defendants.
_____/

No. C 12-5528 RS

**ORDER VACATING HEARING DATE AND TO SHOW CAUSE**

On October 26, 2012, a complaint was filed by plaintiffs "The Bill A. Fuchs Family Trust and Bill A. Fuchs as the Trustee." It was signed by "Bill A. Fuchs, In Pro Se." The complaint presents fifteen claims arising out of the foreclosure of the property located at 2951 Roundhill Road in Alamo, California and avers that "[t]he Plaintiffs are the owners of the Property." Fuchs refers to himself in the complaint as "Plaintiff's Trustee." Exhibit A to the complaint, a grant deed, indicates that on July 27, 2006, the property was deeded from "Bill A. Fuchs, a married man as his sole and separate property" to "Bill A. Fuchs, trustee, the Bill A. Fuchs Trust, Dated June 5, 2003." Although the complaint is not a paragon of clarity, it appears that the property that is the subject of the complaint is owned by the Bill A. Fuchs Trust. Bill A. Fuchs is listed in the caption of the complaint as a plaintiff, but only in his capacity as trustee of the trust and appears to be in error. It

is unclear whether Bill A. Fuchs, as an individual, is the real party in interest of any of the asserted claims.

"Although individuals who are parties to an action may appear *in propia persona*, this exception [applies] only to individuals who are asserting their own personal rights or interests." *Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). "A trust, . . . must be represented by an attorney." *Id.* at 502. It is undisputed that Fuchs is not a lawyer. "A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States." *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994). "Here the record does not identify the Trusts' beneficiaries. Because [Fuchs] is not the actual beneficial owner of the claims being asserted by the trust[] (so far as one can tell from the record), he cannot be viewed as a 'party' conducting 'his *own* case personally' within the meaning of Section 1654." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697-98 (9th Cir. 1987).

"Professional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response." *Id.* Fuchs may not make an appearance in this Court on behalf of another party. Therefore, the case management conference and hearings on plaintiff's motion for a preliminary injunction and defendants' motion to dismiss scheduled for January 24, 2013 are vacated. Fuchs is ordered to show cause as to why he may proceed without a lawyer in this action, or, in the alternative, to retain counsel, by February 15, 2013. Failure to comply with this order will result in the immediate dismissal of the complaint without prejudice.

IT IS SO ORDERED.

Dated: 1/18/2013

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE