United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

THE BILL A. FUCHS FAMILY TRUST
AND BILL A. FUCHS AS THE TRUSTEE
    Plaintiffs,

v.

HSBC BANK et. al.,

    Defendants.
_____/

No. C 12-5528 RS

**ORDER OF DISMISSAL**

The complaint in this case presents fifteen claims arising out of the foreclosure of a piece of real property. It was filed by plaintiffs "The Bill A. Fuchs Family Trust and Bill A. Fuchs as the Trustee" and signed by "Bill A. Fuchs, In Pro Se." As discussed in the January 18, 2013, order to show cause, it appears from the face of the complaint and documents attached thereto that the property that is the subject of the complaint is owned by the Bill A. Fuchs Trust. "A trust, . . . must be represented by an attorney." *Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006). It is undisputed that Fuchs is not a lawyer. "A nonlawyer, such as [a] purported 'trustee[] pro se' has no right to represent another entity, i.e., a trust, in a court of the United States." *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994).

Although Fuchs may not represent the trust, he may represent himself. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Fuchs is listed in the caption of the complaint as a plaintiff, but only in his capacity as

1 trustee of the trust.  As the complaint was not clear about whether Bill A. Fuchs, as an individual, is
2 the real party in interest of any of the asserted claims, Fuchs was ordered to show cause as to why he
3 may proceed without a lawyer in this action, or, in the alternative, to retain counsel.  *See C.E. Pope*
4 *Equity Trust v. U.S.*, 818 F.2d 696, 697-98 (9th Cir. 1987) ("Here the record does not identify the
5 Trust['s] beneficiaries.  Because [Fuchs] is not the actual beneficial owner of the claims being
6 asserted by the trust[] (so far as one can tell from the record), he cannot be viewed as a 'party'
7 conducting 'his *own* case personally' within the meaning of Section 1654.").

8 In response to the order to show cause, Fuchs does not identify any claims in the complaint
9 for which he, as an individual, is the real party in interest.  Therefore, one must conclude that the
10 complaint does not advance any claims on behalf of Fuchs as an individual, but only claims on
11 behalf of the Trust.  Nor does Fuchs identify the trust's beneficiaries.  There is, accordingly, no
12 basis for determining that Fuchs is the beneficial owner of the claims being asserted by the trust.  He
13 states that despite his best efforts, he has been unable to secure an attorney to represent the trust in
14 this case and is "still obligated to act in a Pro Se capacity," which he believes "will only benefit
15 [his] case."

16 There is no doubt that Fuchs, if permitted to represent the trust, would attempt to do so
17 diligently.  Federal law, however, prohibits a non-lawyer such as Fuchs from representing another
18 entity, such as the trust, in federal court.  *See* 28 U.S.C. § 1654.  "The reciprocal relation between
19 the bar and the bench permits an exception only for a person acting personally.  A federal court
20 rightly expects a lawyer to represent a litigant."  *C.E. Pope Equity Trust*, 818 F.2d at 698.  Unable to
21 represent the trust himself, and without a lawyer willing to represent the trust, the complaint in this
22 case must be dismissed.  This dismissal is without prejudice to the consideration of a new complaint
23 on the trust's behalf filed by a licensed attorney.

24 IT IS SO ORDERED.

26 Dated: 2/11/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 12-5528 RS
ORDER

2